UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DANE BUCHANAN, JAMES CHRISTOPHER DUERR,
NICOLE NAPOLITANO, and WINSOME THELWELL,

                              Plaintiffs,

          - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
CIVILIAN COMPLAINT REVIEW BOARD, and
JONATHAN DARCHE, in his Official and Individual
Capacity,

                              Defendants.

**STIPULATION AND PROTECTIVE ORDER**

21 Civ. 00660 (SHS)

------------------------------------------------------------------------ X

WHEREAS plaintiffs and defendant (the "Parties") have sought certain documents and information from each other in discovery in this action, which the Parties may deem to be confidential ("Confidential Information"); and

WHEREAS, the Parties object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1.    **Definitions:** As used herein the following terms shall be defined as follows:

    a.    **Confidential Information.** The following documents and information may be designated as "Confidential" provided such documents are not otherwise public, have not previously been disclosed by the producing party to anyone except those in its employ or those retained by it, are not already in the possession of the non-producing party and/or have not been treated as Confidential information for any purpose unrelated to this litigation. The Parties may

on an individual basis, either by written agreement or pursuant to federal rules or law, or ordered by the Court, designate additional information as Confidential.

  I. Sensitive Government Data, such as confidential or proprietary research, statistics, non-public agency information, identity of complainants, non-Party employee data, financial data;

  II. Sensitive Personal Data, such as personal identifiers (e.g., social security numbers, dates of birth, etc), financial information, tax records, personal contact information, and usernames and personal passwords (e.g., social media accounts, emails, etc);

  III. Medical and Legal Records, including medical information, files, and reports;

  IV. Non-public criminal history; and

  V. Any other category of information the Court subsequently affords confidential status.

  **b.** **Designating Party and Non-designating Party.** Designating Party means the party who designated documents or information produced pursuant to this Protective Order as "Confidential" as set forth herein. The Non-designating Party is the other party who did not make such a designation for the same document or information.

  2. **Production of Confidential Information.** If at any time, Confidential Information is produced in its original form, it will be treated as Confidential Information as set forth below.

  3. **Method of Designating Documents and Information Confidential.** Any information the Designating Party intends to be Confidential shall be so designated prior to production by either marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion, or by designating in writing the Bates-stamp numbered pages to be so designated. In addition, either party may

designate portions of deposition testimony as "Confidential" at the time of the deposition or within thirty (30) days after receipt of the final transcript by the Designating Party. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Protective Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

4. **Subsequent Designation.** Documents and/or materials produced in the Litigation that are not identified as Confidential Information when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by any Party by providing written notice to counsel for all other Parties and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5. **Contesting Confidential Designations.** A Non-designating Party may object to the designation of information as "Confidential" by notifying counsel for the Designating Party in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential as originally designated.

6. **Disclosure of Confidential Information.** Information designated as "Confidential" and documents containing information that is "Confidential" shall be used solely

for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

a. the Parties' counsel of record in this action, and the members of their firm and/or office, including any contractors or individuals engaged by the parties in connection with performing services in this litigation or disposition of this action;

b. the Parties to the action or their employees, if necessary for the litigation or disposition of this action and/or strategy decisions, who are assisting with or involved in the litigation of this action;

c. any witnesses or potential witnesses who may provide testimony in this litigation or otherwise assisting the Parties' counsel of record and/or the Parties in the litigation of this action;

d. the court reporter(s) or videographer(s) undertaking his/her/their duties in a deposition relating to this matter;

e. deponents, during the course of their depositions;

f. any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and

g. persons retained by any party to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by a Party or engaged by the parties for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who

have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 7, below.

Confidential Information or documents disclosed to persons defined in subparagraphs (a) through (g) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (g) of paragraph 6, nor shall any such information be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be attended only by the deponent, the deponent's attorney, any individual selected by Plaintiffs to appear to assist with the deposition, the Parties, the Parties' counsel of record, the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Protective Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Protective Order solely with respect to that portion of the transcript disclosing the Confidential information.

7.  **Production of Confidential Information to Experts.** The Non-designating Party's counsel shall provide a copy of this Protective Order to any person identified in 6(g) above who is to be provided access to the Confidential Information or documents containing Confidential Information and shall require such expert to sign a written statement (to be held by the Nondesignating Party's counsel) submitting to this Court's jurisdiction (for the

purpose of enforcing this Protective Order) before receiving such information or documents. The form of such statement shall be consistent with Exhibit A, attached hereto.

8. **Use of Confidential Information.** Neither the documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation. All copies shall be maintained within the possession and control of the Parties' counsel of record and Parties. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Protective Order. Except as further provided in this Protective Order, neither Party nor its counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the Designating Party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room," public discussion site, or social media site or application, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information. Portions of affidavits, deposition transcripts, expert reports, briefs and other court filings quoting, excerpting or summarizing Confidential Information shall be similarly protected from dissemination or disclosure.

9. **Filing Documents Under Seal.** Confidential documents may be used in support of, and, in opposition to, motions and at trial. If either party seeks to file a document containing Confidential Information, the filing party should take all reasonable measures to have the document filed under seal subject to the approval of the Court.

10. **No Waiver of Confidentiality, Attorney-Client Privilege or Work Product Doctrine.** Nothing in this Protective Order shall be deemed to require disclosure of

material protected by the attorney-client privilege or the work-product doctrine. The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, attorney-client privileged information, information protected by the attorney work-product doctrine, or information protected by any other legally-recognized privilege, and a Party shall not be held to have waived any rights by an inadvertent production. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d):

    a. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state on a privilege log the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document) and the basis for the claim of privilege or protection.

    b. Upon receiving a Clawback Demand, the Receiving Party shall within five business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it. The Receiving Party shall provide written assurance of these actions within five business days of receiving a Clawback Demand. If the document or information subject to the

    Clawback Demand contains protected material only in part, then the Producing Party shall, within five business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

c. If the Receiving Party knowingly identifies a document or record produced by the Producing Party that appears to be Protected Material it shall promptly notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

d. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within 10 business days of receiving the notification that the receiving party disagrees with the Clawback Demand, the Producing Party may move the Court for an Order compelling the destruction or return of any of the documents or information covered by the Clawback Demand. In responding to such motion, the Receiving Party shall not assert as a ground for production the fact that or circumstances by which such documents or information were previously produced by the Producing Party, provided that the Producing Party acted with diligence to recover the Protected Material when it became aware that such material had been mistakenly produced. In any motion brought under this paragraph that discloses or refers to the content of documents that is claimed to be

        Protected Material, the parties will seek the Court's permission to file such content under seal. The Receiving Party shall not otherwise make use of the material in question until the matter is resolved by the Court.

    e. The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

    f. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand.

11. **Maintenance of Confidential Information.** Maintenance of the Confidential Information and documents containing Confidential Information shall be subject to further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court to modify the terms of this Protective Order. The Parties, however, shall engage in good faith efforts to resolve requests to modify this Protective Order prior to bringing such requests to the Court's attention.

12. **Admissibility at Trial or Hearing.** Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

13. **Return or Destruction of Information.** Within sixty (60) days of final termination of this action, including any appeals, all documents containing Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the

Parties, and materials that have been admitted into evidence in this action), shall be returned to the producing party or destroyed by the Parties and/or experts who received production of those materials upon written request, with written verification of the destruction to the producing party.

14. **Limitations on Use.** Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner.

Dated:      New York, New York
            November 18, 2021

SPIVAK LIPTON LLP                          GEORGIA M. PESTANA
Attorney for Plaintiffs                    Corporation Counsel of the
1700 Broadway                               City of New York
New York, NY 10019                         Attorney for Defendant
Tel: (212) 765-2100                        100 Church Street, Room 2-115
hpordy@spivaklipton.com                    New York, New York 10007
esprotzer@spivaklipton.com                 Tel: (212) 356-2467
                                           yrubinst@law.nyc.gov

By:      /s/                          By:      /s/
    Hope Pordy, Esq.                      Yuval Rubinstein
    Elizabeth Sprotzer, Esq.              Assistant Corporation Counsel

**SO ORDERED:** *This protective order may be amended for good cause shown.*

November 19, 2021
        Date                              Sidney H. Stein, U.S.D.J.

10

## EXHIBIT A

The undersigned hereby acknowledges that he/she/they has/have read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2021 in the action entitled *Buchanan et al. v. City of New York, et al.*, 21 Civ. 0660 (SHS) or has/have been advised of its provisions or contents and understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Information except in testimony taken in this case.

_____         _____
Date                                    Signature

                                        _____
                                        Print Name

                                        _____
                                        Occupation